UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PETER BOTTZECK, <br><br> Plaintiff, <br><br> v. <br><br> TEAMSTERS LOCAL 631, <br><br> Defendants. | Case No. 2:19-cv-00363-APG-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed February 28, 2019.

I. **Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his Application to Proceed *in Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915. Plaintiff alleges reverse racial discrimination claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Compl.* (ECF No. 1-1). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's application to proceed *in forma pauperis* is granted.

II. **Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given authority to dismiss a case if the action is legally "frivolous or malicious" fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id.* at 678. However, to state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. A complaint that merely offers "labels and conclusions" will be dismissed. *Id.*

Here, Plaintiff's complaint fails to satisfy Rule 8's standards and instead contains two conclusory sentences wherein Plaintiff alleges that his rights were violated under Title VII based

on reverse race discrimination. Without being provided further the Court is unable to determine whether Plaintiff's claim may proceed. For this reason, the Court must dismiss Plaintiff's complaint with leave to amend to correct the noted deficiency.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 1), is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the Complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 28, 2019 to file his amended complaint.

Dated this 28th day of May, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE